**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.  93-20048-JWL |
| | ) | |
| **EDWARD DRYDEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

# MEMORANDUM AND ORDER

Edward Dryden is currently serving a 292-month prison term.  His case is now before the court on his Motion to Reduce Sentence (Doc. 530).  For the reasons discussed below, this motion is denied.

# BACKGROUND

In 1993, a jury found Mr. Dryden guilty of conspiring to distribute crack cocaine.  For sentencing purposes, the court found Mr. Dryden responsible for 9.5 kilograms of crack cocaine and 9.5 kilograms of powder cocaine, and it imposed a 360-month prison sentence.  Two years later, this court granted a motion from Mr. Dryden to reduce his sentence based on Amendment 505, which adjusted the base offense level for drug offenses.  Under that amendment, Mr. Dryden's base offense level was 38, his total offense level was 40, and the applicable sentencing guidelines range was 292 to 365 months.  This court imposed a 292-month prison sentence.

## DISCUSSION

Mr. Dryden suggests that his sentence should be reduced pursuant to this court's authority under 18 U.S.C. § 3582(c), which allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The policy statement to which § 3582(c) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1).

Mr. Dryden relies on Amendment 706, which modified base offense levels for cocaine base (crack) in the Drug Quantity Table of § 2D1.1. U.S.S.G. app. C Supp. Amend. 706. Amendment 706 is listed as a covered amendment in § 1B1.10, U.S.S.G. § 1B1.10 (Supp. 2008), so it applies retroactively and may serve as support for a § 3582 reduction in sentence. *See* U.S.S.G. app. C Supp. Amend. 713.

Section 1B1.10 also provides, however, that a reduction in sentence is not authorized if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). This provision bars Mr. Dryden's claim for relief.

The court found Mr. Dryden responsible for 9.5 kilograms of crack cocaine. According to the Drug Quantity Table in effect at the time Mr. Dryden's sentence was amended, Mr. Dryden was assigned a Base Offense Level of 38 (the highest level listed) because his case involved "1.5 KG or more of Cocaine Base." U.S.S.G. § 2D1.1 (1996). Amendment 706 changed § 2D1.1(c) so that Base Offense Level 38 now applies to "4.5 KG or more of Cocaine Base." U.S.S.G. § 2D1.1(c) & app. C Supp. Amend. 706. Mr. Dryden's relevant conduct included far more than 4.5 kilograms of cocaine base, and so his Base Offense Level remains unchanged by Amendment 706. Thus, his applicable guideline range is not lowered and a reduction in sentence based on Amendment 706 is not authorized. U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Sharkey*, 2008 WL 4482893, at *2 (10th Cir. Oct. 7, 2008); *United States v. Herrera*, No. 08-6046, 2008 WL 4060168, at *4 (10th Cir. Sept. 3, 2008) (unpublished); *United States v. Williams*, No. 08-5014, 2008 WL 3861175, at *2 (10th Cir. Aug. 15, 1008) (unpublished).[1]

Mr. Dryden also argues that this court nonetheless has jurisdiction to consider a sentence reduction because the policy statement in § 1B1.10 is invalid. In support of this contention, Mr. Dryden compares the precise language of § 1B1.10 and § 3582(c). Section 3582(c) applies to situations where a "sentencing range" has been

---

[1] Pursuant to Tenth Circuit Rule 32.1(A), the court cites these unpublished opinions for their persuasive value.

lowered, but § 1B1.10 allows for reduced sentences only where a defendant's "guideline range" has been lowered.  The difference in terminology—sentencing range versus guideline range—renders § 1B1.10 invalid because it conflicts, and in fact narrows, the language of the statute, Mr. Dryden asserts.

This distinction is unclear at best, particularly given that § 3582(c) references a "sentencing range" as determined by the guidelines, which would appear to mean, then, the same thing as a "guideline range."  The only relevant range for purposes of calculating Mr. Dryden's sentence is the range listed on the Sentencing Table of the Guidelines, arrived at by finding the intersection of his Offense Level and his Criminal History Category.  Even under the amended version of the Drug Quantity Table, Mr. Dryden's starting Base Offense Level is 38, just as it was when his sentence was amended.  Thus, § 3582(c) affords Mr. Dryden no relief because Amendment 706 had no effect on his applicable sentencing range.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Reduce Sentence (Doc. 530) is denied.

**IT IS SO ORDERED** this 4th day of November, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4