IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
   *Plaintiff*,

v.           Case No. 93-20048-JWL-4

**EDWARD L. DRYDEN, JR.,**
   *Defendant*.
_____

**MOTION TO TERMINATE DEFENDANT'S
TERM OF SUPERVISED RELEASE**
_____

Pursuant to 18 U.S.C. § 3583(e)(1), the Defendant, Mr. Dryden, respectfully moves the Court for an Order terminating his term of supervised release. Mr. Dryden has successfully completed over 2 years of a 5-year term of supervised release. His reintegration into society is complete. Thus, any further supervision is unnecessary. The United States Probation Office, via Probation Officer John Gabrielson, supports this motion. The Government, via Assistant United States Attorney Kim Flannigan, does not oppose this motion.

### I. Background[1]

In May, 1993, an 8-count Indictment was filed against Mr. Dryden and six other co-defendants in the District of Kansas. Count 1 charged Mr. Dryden

1

with conspiracy to distribute more than 15 kilograms of a mixture or substance containing cocaine base (crack cocaine) in violation of 21U.S.C. § 841(a)(1) and overt acts in violation of 21 U.S.C. § 846. PSR at 3. At trial, a jury found Mr. Dryden guilty of Count 1 of the Indictment on October 4, 1993 *Id*. The Court imposed a 292-month term of imprisonment, followed by 5 years of supervised release. Exh. 1. Mr. Dryden began Supervised Release on March 10, 2014.

At the time he was indicted, Mr. Dryden was a 25-year veteran of the Kansas City, KS Police Department. He voluntarily surrendered to the U.S. Marshal's Service and was subsequently released on bond while his case was pending trial. During the 5-month period he was on pre-trial supervision, Mr. Dryden did not violate any of the conditions of his release. When the Court issued a 292-month sentence later that month, Mr. Dryden was 46 years old.

While in BOP custody, Mr. Dryden attended a drug program, and continued aftercare once he was released from BOP custody. He had zero disciplinary issues during the two decades he served in prison. Since his release from prison in September 11, 2013, he has maintained employment. He is a faithful member of True Light of Jesus Christ Ministries in Kansas City, MO. Mr. Dryden is happily married to Bonnie Fraizier-Dryden, his wife

---

[1] The following abbreviations are used herein: "PSR" for the Presentence Investigation Report prepared

of one year. At the age of 69, Mr. Dryden works full-time as an Investigator at DAAK Corporation in Kansas City, Kansas.

As verified by U.S. Probation Officer, John Gabrielson, Mr. Dryden is a good candidate for early termination. He has not committed any violations, has only submitted negative urinalysis tests, reports as directed, and has adjusted successfully to supervision.

## II. Discussion

The Court has the authority to terminate a term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The only statutory requirement for termination is that the defendant has served at least one year of supervised release. 18 U.S.C. § 3583(e)(1). If that requirement is met, and it is in Mr. Dryden's case, the statute provides for termination if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* The statute further instructs courts to consider almost all of the statutory sentencing factors listed at 18 U.S.C. § 3553(e). *Id.*; *see also Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012). The one § 3553(a) factor that cannot be considered is "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law,

---

November 8, 1993.

and to provide just punishment for the offense." 18 U.S.C. § 3583(e) (excluding 18 U.S.C. § 3553(a)(2)(A) from consideration).[2]

The United States Probation Office has other guideposts when it comes to termination of supervised release terms. Those guideposts appear in Volume 8 to the Guide to Judiciary Policy, a document authored by the Administrative Office of the U.S. Courts.[3] Exh. 2. The policy instructs probation officers to consider termination of supervised release "for offenders as soon as they are statutorily eligible." *Id.* at 1. Criteria to consider include: (1) stable community reintegration; (2) progressive strides toward supervision objectives and in compliance with all conditions of supervision; (3) no aggravated role in the offense of conviction; (4) no history of violence; (5) no recent arrests or convictions; (6) no recent evidence of alcohol or drug abuse; (7) no recent psychiatric episodes; (8) no risk to the safety of any victim; and (9) no identifiable risk to public safety based on the Risk Prediction Index. *Id.* at 1-2. The policy also instructs officers to consider timely payments of financial penalties. *Id.* at 2.

Beginning with the policy, Mr. Dryden meets all of the criteria. He has successfully reintegrated into the community. He has a stable residence and

---

[2] The statute also places off limits § 3553(a)(3), but that provision merely instructs courts to consider "the kinds of sentences available," an obviously unhelpful task when the issue is termination of supervised release.

home life. He is in compliance with all conditions of supervision. He has no violation history. He has no recent arrests, convictions, or patterns of criminal conduct. He has not had any psychiatric episodes. Moreover, he is not a risk to any identifiable victim or the public, and he has no outstanding fines.

Indeed, we think the policy's presumption in favor of early termination applies in his case. *See* Exh. 2 at 2. Mr. Dryden has been on supervised release for over 24 months. He is not a career offender, sex offender, or terrorist, and he is free of any moderate or high severity violation. In the end, a straightforward application of the policy recommends termination of supervised release in his case.

Similarly, the § 3553(a) factors support early termination as well. In addition to the abovementioned facts, Mr. Dryden falls within a Criminal History Category I. Prior to his conviction on the instant offense, he did not have any prior convictions. It has been over 24 years since he has engaged in any criminal activity. Furthermore, he has been nothing short of compliant in fulfilling the punishment for his crime.

---

[3] The Administrative Office "serves the federal Judiciary in carrying out its constitutional mission to provide equal justice under law" and acts as "the central support entity for the Judicial Branch." *See* http://www.uscourts.gov/FederalCourts/UnderstandingtheFederalCourts/AdministrativeOffice.aspx

With respect to protection of the public, 18 U.S.C. § 3553(a)(2)(C), Mr. Dryden poses no risk to the safety of the community. He is 69 years old. His crime was not a violent one, and he has no previous criminal history. Mr. Dryden has followed all of the rules imposed by Court at sentencing over twenty years ago. Moreover, Mr. Dryden has engaged in meaningful rehabilitation as a contributing member of society since he reentered the community.

### III. Conclusion

Pursuant to § 3583(e)(1), the Court has the authority to terminate Mr. Dryden's supervised release. In light of the applicable § 3553(a) factors and the applicable policy statement discussed above, termination of Mr. Dryden's supervised release is warranted.

Respectfully submitted,

S/Laquisha Ross
LAQUISHA ROSS #78550
Assistant Federal Public Defender for the
District of Kansas
500 State Ave, Suite 201
Kansas City, Kansas 66101-2400
Phone: 913/551-6944
Fax: 913/551-6562
E-mail Address: laquisha_ross@fd.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 23, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Ms. Kim Flannigan  
Assistant United States Attorney  
Kim.Flannigan@usdoj.gov

                              s/ Laquisha Ross  
                              Laquisha Ross